## Case No. 17,036.

### Ex parte WAGGONER.

[The case reported under above title in 1 Gaz. 77, is the same as Case No. 17,037.]

---

WAGNER, Ex parte. See Case No. 14,174.

---

## Case No. 17,037.

### In re WAGGONER.

[1 Ben. 532; 1 Gaz. 77.] [1]

District Court, E. D. New York. Nov., 1867.

SPECIFICATIONS OF OBJECTION TO A BANKRUPT'S DISCHARGE.

If a creditor opposing a bankrupt's discharge would have a trial under section thirty-one of the bankruptcy act [of 1867 (14 Stat. 532)], his specification of objections must be sufficiently definite to enable the court to see that there exists a fair question of fact, necessary to be determined upon evidence outside of the papers, before the discharge can be granted.

In this case a creditor filed specifications of objections to the bankrupt's discharge, charging: First. That the bankrupt [Samuel D. Waggoner] has not conformed to his duty. 1. In that he has omitted to make a proper statement of the judgments against him referred to in the schedules annexed to his petition. Also the same as to particulars and consideration of the debts owing by him. 2. In that he has omitted to state the places of residence of several of his creditors, with sufficient accuracy to enable them to receive the notices required by said act to be given to them. Second. That he has concealed a large, and the greater part, of his estate and effects, and omitted to state the same in the schedules annexed to his petition. On these specifications the creditor applied for a trial before the court.

BENEDICT, District Judge. To enable an opposing creditor to obtain an order for a trial at a stated session of the district court, under section thirty-one of the bankruptcy act, the specifications must be sufficiently definite and certain to enable the court to see that there exists a fair question of fact, necessary to be determined upon evidence outside the papers, before the discharge can be granted. In the present case the specifications are too general and indefinite, and do not entitle the party to an order for a trial at the stated session; nor do they raise any definite issue upon which

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

a summary hearing and adjudication could be had. Some grounds of opposition to the discharge, set forth with sufficient definiteness to enable the court at least to see that the objections taken are not frivolous, or interposed merely for purposes of delay, should appear in the specifications before the court can be called upon to pass upon them. The objections therefore must be stricken out, with leave, however, to the creditors to file more definite specifications within three days.